UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CENTRAL WASHINGTON HEALTH SERVICES ASSOCIATION, INC., d/b/a CENTRAL WASHINGTON HOSPITAL,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>CAMEO GARRETT,<br><br>　　　Defendant. | NO.  CV-07-357-RHW<br><br>**ORDER REMANDING CASE** |

　　　Before the Court are Plaintiff's Motions to Remand to State Court (Ct. Rec. 7) and to Expedite (Ct. Rec. 8).  Defendant is acting *pro se*.  The Court grants Plaintiff's motion to shorten time and will consider its motion to remand on an expedited basis.  The motions were heard without oral argument.

　　　Defendant filed a Notice of Removal to this Court from Chelan County Superior Court on November 6, 2007.  Defendant wishes to remove the case based on counter-claims she asserts in her removal papers.  Plaintiff's original complaint, filed in Chelan County Superior Court on March 16, 2007, asserts claims under Washington State law, specifically RCW §§ 9A.50 *et seq.*  Both Plaintiff and Defendant are residents of the State of Washington.

　　　For this Court to entertain any claims before it, including claims that have been removed under 28 U.S.C. § 1441, Defendant must demonstrate that original subject matter jurisdiction lies in the federal courts.  *See Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).  In civil cases such as this one, subject matter

**ORDER REMANDING CASE** * 1

jurisdiction may be established either through federal question jurisdiction, 28 U.S.C. § 1331, or diversity jurisdiction, 28 U.S.C. § 1332. *Peralta v. Hispanic Business, Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005). There is no diversity jurisdiction here because both Plaintiff and Defendant are Washington residents.

Defendant avers removal is appropriate due to the existence of federal question jurisdiction conferred by her counterclaims under the Americans with Disabilities Act ("ADA") and the Health Insurance Portability and Accountability Act ("HIPAA"). However, a case "arises under" federal law and thus satisfies the requirements of federal question jurisdiction "only if the federal question appears on the face of the *plaintiff's* well-pleaded complaint. The federal question 'must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 821-22 (9th Cir. 1985) (citations omitted) (emphasis added). In other words, "'[r]emovability cannot be created by defendant pleading a counter-claim presenting a federal question. . . .'" *Id.* at 822 (citation omitted).

Therefore, the Court finds there is no subject matter jurisdiction to hear this case. Defendant cannot remove this action to federal court, and the Court is required to remand the suit back to Chelan County Superior Court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Order Remanding Action to State Court (Ct. Rec. 7) is **GRANTED**.

2. Plaintiff's Motion for Order Shortening Time for Hearing on Plaintiff's Motion Remanding Action to State Court (Ct. Rec. 8) is **GRANTED**.

3. The Court hereby **REMANDS** the above-captioned matter to Chelan County Superior Court.

///

**ORDER REMANDING CASE** * 2

1     **IT IS SO ORDERED.** The District Court Executive is directed to enter this
2 Order and forward copies to counsel for Plaintiff and to Defendant and close file.
3     **DATED** this 8th day of November, 2007.

        *s/Robert H. Whaley*
        ROBERT H. WHALEY
        Chief United States District Judge

Q:\CIVIL\2007\Garrett.remand.ord.wpd

**ORDER REMANDING CASE** * 3